# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NICHOLAS WEIR,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

No. 3:17-cv-02115 (SRU)

## ORDER DISMISSING CASE WITH PREJUDICE

On December 19, 2017, Nicholas Weir filed suit under the doctrine of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violation of his rights under the Third, Fourth, and Seventh Amendments to the United States Constitution by federal officials in retaliation for Weir's complaints about employee misconduct at the City University of New York ("CUNY"). Compl., Doc. No. 1. Weir also moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. No. 2. I referred Weir's motion to United States Magistrate Judge William I. Garfinkel, who on January 12, 2018, granted the motion but entered a recommended ruling of dismissal. *See* Docs. Nos. 7 & 8. Weir objected to the recommended ruling by letter dated January 23, 2018. Doc. No. 9. I approved and adopted Judge Garfinkel's recommended ruling on January 31, 2018, but permitted Weir to amend within 30 days. Doc. No. 10. Weir timely filed an amended complaint on March 1, 2018. Doc. No. 11.

Weir's complaint does not correct the deficiencies identified in his original complaint. As I noted in my previous ruling, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," *United States v. Sherwood*, 312 U.S. 584, 586 (1941), which means that "[a]bsent a waiver, sovereign immunity shields the Federal Government . . . from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Because an action against a federal agency or federal officers

in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "[T]he plaintiff bears the burden of establishing that her [or his] claims fall within an applicable waiver" of sovereign immunity. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Weir's original and amended complaints raise claims under the doctrine of *Bivens*, 403 U.S. 388, which "impl[ied] a damages remedy under the Constitution" against federal officials for violations of the Fourth Amendment. *See Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1855 (2017) (discussing *Bivens*, 403 U.S. 388). Among the requirements for a *Bivens* action is that suit "must be brought against the federal officials involved in their *individual* capacities," for "an action against . . . federal officers in their official capacities . . . [is] also barred under the doctrine of sovereign immunity." *Robinson*, 21 F.3d at 510 (emphasis added). In his Amended Complaint, Weir identifies as "Defendant No. 1" the "United States of America and U.S. Department of Justice," and lists the defendant's "Job or Title" as "Attorney General of the United States." *See* Am. Compl., Doc. No. 11, at 2. Weir also checks the box indicating that the defendants are sued in their official capacities. *Id.* Because Weir's claims continue to "constitute[] a *Bivens* action against . . . federal defendants in their official capacities," they are barred by sovereign immunity. *See Robinson*, 21 F.3d at 510.

Weir argues that his claims fall within two exceptions to sovereign immunity, but both exceptions are inapplicable. First, Weir suggests that the United States is amenable to suit under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). *Ex parte Young* created "a limited exception to the general principle of sovereign immunity," which "allows a suit for injunctive or declaratory relief challenging the constitutionality of a *state* official's actions in enforcing *state*

2

law." *See W. Mohegan Tribe & Nation v. Orange Cnty.*, 395 F.3d 18, 21 (2d Cir. 2004) (quoting *CSX Transp. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002)) (internal brackets omitted) (emphasis added). Here, Weir has not sued state officials but rather the "United States of America" and "[f]ederally funded agencies and their agents." *See* Am. Compl., Doc. No. 11, at 1. Because the defendants are not state officials, *Ex parte Young* does not apply.

Weir also argues that the United States has waived sovereign immunity pursuant to the Privacy Protection Act ("PPA"), 42 U.S.C. § 2000aa-6. That statute provides in pertinent part:

> A person aggrieved by a search for or seizure of materials in violation of this chapter shall have a civil cause of action for damages for such search or seizure . . . against the United States . . . for violations of this chapter by [its] officers or employees while acting within the scope or under the color of their office or employment . . . .

*Id.* at § 2000aa-6(a)(1). The PPA "was passed in response to *Zurcher v. Stanford Daily*, 436 U.S. 547 (1978), in which the Supreme Court held that the Fourth Amendment did not prohibit police from undertaking searches and seizures of documentary evidence held by innocent third parties." *Guest v. Leis*, 255 F.3d 325, 340 (6th Cir. 2001). Accordingly, the statute "prohibits the government from seizing certain materials, called 'work product materials,' that are intended for publication."[1] *Id.* It "also bars seizure of 'documentary materials'" that record information for publication, such as "notes, photographs, or tapes."[2] *Id.* at 340–41.

---

[1] Work product materials are defined as "materials . . . [that] are prepared, produced, authored, or created . . . for the purposes of communicating such materials to the public" and that "include mental impressions, conclusions, opinions, or theories of the person who prepared, produced, authored, or created such material[s]." 42 U.S.C. § 2000aa-7(b).

[2] Documentary materials are defined as "materials upon which information is recorded," and which "include[], but [are] not limited to, written or printed materials, photographs, motion picture films, negatives, video tapes, audio tapes, and other mechanically, magnetically or electronically recorded cards, tapes, or discs." 42 U.S.C. § 2000aa-7(a).

Properly read, the PPA does not create a free-floating waiver of sovereign immunity for all Fourth Amendment violations by state or federal officers. Instead, the statute merely responds to the *Zurcher* decision by "requir[ing] law enforcement officers . . . to rely on subpoenas to acquire materials intended for publication," and "creates a civil cause of action for damages resulting from a search or seizure of materials in violation of the Act." *Davis v. Gracey*, 111 F.3d 1472, 1481 (10th Cir. 1997). Weir does not allege that law enforcement officers seized any materials intended for publication from him in violation of the PPA. Therefore, he has failed to show that his claims fall within the PPA's waiver of sovereign immunity. The doctrine of sovereign immunity bars me from exercising jurisdiction over Weir's claims.

Even if—bearing in mind the principle that *pro se* complaints "are held to less stringent standards than formal pleadings draft by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)—I were to construe Weir as bringing *Bivens* claims against the Attorney General in his individual capacity, those claims would still fail. Weir has not "allege[d] that the individual defendant was personally involved in the constitutional violation," which is necessary to hold a defendant liable under *Bivens*. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Weir alleges retaliation from unnamed "CUNY employees, . . . military personnel[,] and other federal agents," but does not identify any actions by the Attorney General. Am. Compl., Doc. No. 11, at 4. Nothing in the Amended Complaint suggests that Weir could plausibly allege that the Attorney General was personally involved in retaliation against Weir for reporting employee misconduct at CUNY.

Weir's amended complaint does not cure the deficiencies identified in Judge Garfinkel's recommended ruling or my earlier order. Further amendment would be futile. *Cf. Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Therefore, I dismiss Weir's case with prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of April 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge